IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NATHANIEL GAINES**                                                                 **PLAINTIFF**

V.                                            CIVIL ACTION NO. 5:22-cv-00032-DCB-FKB

**JEFFERSON COUNTY SCHOOL DISTRICT;**
**ADRIAN HAMMITTE; and SHAMEKA WOODS**                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Judgment on the Pleadings Based on Qualified Immunity [ECF No. 12] (the "Motion for Judgment"), which defendants Adrian Hammitte ("Hammitte") and Shameka Woods ("Woods"; collectively with Hammitte, the "Individual Defendants") filed against plaintiff Nathaniel Gaines ("Plaintiff").  The Individual Defendants also filed a Memorandum of Authorities in Support thereof [ECF No. 13] and a Motion to Stay Case Based on Qualified Immunity [ECF No. 14]. Pursuant to Local Uniform Civil Rule 16(b)(3)(B), Magistrate Judge Ball promptly issued a text-only order that stayed discovery in this case pending a decision on the Motion for Judgment.  Plaintiff opposed the Motion for Judgment [ECF Nos. 18 & 19], and the Individual Defendants filed their reply [ECF No. 23].

1

Having carefully reviewed the parties' submissions, including Plaintiff's Complaint [ECF No. 1] and the joint Answer [ECF No. 8] of the Jefferson County School District (the "District") and the Individual Defendants, the Court finds as follows:

## BACKGROUND

Plaintiff, a former Jefferson County Elementary School employee, brought this action under Title VII and 42 U.S.C. § 1983 for sex discrimination and retaliation (Counts I & II), First Amendment retaliation (Count III), and breach of contract (Count IV). The pending Motion for Judgment only concerns the qualified immunity of the two defendants who are sued in their individual capacities: Hammitte, the Jefferson County School Superintendent, and Woods, the Jefferson County Elementary School Principal. The Individual Defendants are sued solely under the First Amendment retaliation claim in Count III.[1]

Prior to his termination, Plaintiff worked as a non-certified interventionist[2] at Jefferson County Elementary School.

---

[1] Hammitte also is sued in his official capacity, but Woods is sued only in her individual capacity. [ECF No. 1] ¶¶ 6 & 8.

[2] A school interventionist has been described as:

> A school interventionist evaluates students to learn more about the factors impacting their behavior and academic performance. Graduate-level education and teaching experience help a school interventionist

2

Plaintiff attained his teaching certification during his employment at Jefferson County Elementary and applied for over a dozen certified teaching positions. He was not hired for any of those positions. [ECF No. 1] ¶¶ 20-23; 34-35.

After having been turned down for multiple certified teaching positions, Plaintiff posted a comment on Facebook that began with: "I'm going to say what's on a lot of people I know minds. We tired of being underpaid and unappreciated." [ECF No. 1-3]. His post generated three responses from the same person on Facebook regarding the school administrators' misallocation of COVID relief funds and air purifiers that did not make it to the classrooms. [ECF No. 19-1,-2,-3]. In his Complaint, Plaintiff alleges that his post "expressed his belief that Jefferson County was treating its employees poorly" and that he "was speaking as a private citizen on a matter of public concern." [ECF No. 1] ¶¶ 51-52. The Individual Defendants counter that "Plaintiff's post does NOT touch upon a matter of

---

discern various ways to reinforce positive behavior and limit issues that negatively impact behavior. When called upon, a school interventionist observes the identified student in the classroom and uses creative techniques to help the student open up and share his feelings.

"What Is a School Interventionist?", Dr. Kelly S. Meier, https://www.theclassroom.com/school-interventionist-8722549.html.

3

public concern; rather, Plaintiff simply complains about his 'working conditions.'" [ECF No. 13[ at 11.  Four days after Plaintiff posted on Facebook, Woods sent a letter to Hammitte that recommended Plaintiff's termination for "failure to follow the policies of the Jefferson County School District." [ECF No. 1-4]. Two days later, Hammitte notified Plaintiff by letter that he was terminated for: (1) failure to follow the Mississippi Educator Code of Ethics and Standards of Conduct; and (2) failure to follow the policies of the Jefferson County school district.  [ECF No. 1-5].  No code sections or policy provisions were cited, and no specific violations were described in the letter.

According to the Complaint, Plaintiff called Hammitte regarding his termination, and the superintendent told Plaintiff he was fired for not executing a coaching contract that had been offered to him, for violating the school's cell phone policy, and for his Facebook post. [ECF No. 1] ¶¶ 60-68.  Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission. [ECF No. 1] ¶ 14.  In its Position Statement in response to Plaintiff's EEOC charge, the District denied having discriminated against Plaintiff based on sex or retaliation and stated: "Mr. Gaines went on social talking negatively about the school district, which caused a distraction and disruption to the district's learning environment."  [ECF

4

No. 19-4]. The EEOC issued a Right to Sue letter [ECF No. 1-2], and Plaintiff affirms that he filed this lawsuit within ninety (90) days of his receipt of the EEOC letter. [ECF No. 1] ¶ 17.

**STANDARD OF REVIEW AND QUALIFIED IMMUNITY CONSIDERATIONS**

Rule 12(c) of the Federal Rules of Civil Procedure governs a motion for judgment on the pleadings. The standard for addressing a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. E.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the

5

complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210.

In this case, the Individual Defendants raised qualified immunity as a defense in their Answer [ECF No. 8], and they also asserted it in their Motion for Judgment. The Fifth Circuit has instructed district courts that where "public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion." Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022). Qualified immunity is more than a mere defense to liability; it is an immunity from suit. E.g., Pearson v. Callahan, 555 U.S. 223 (2009). Because "qualified immunity is immunity from having to stand trial," Brown v. Glossip, 878 F.2d 871, 874 (5th Cir. 1989), it should be addressed '"at the earliest possible stage of the litigation."' Carswell, 54 F.4th at 310 (quoting Ramirez v. Guadarrama, 3 F.4th 129, 133 (5th Cir. 2021)).

The Fifth Circuit also has instructed district courts regarding a misconception that "heightened pleading" is the correct standard of review when qualified immunity is asserted as a defense. There has been much confusion in our circuit regarding heightened pleading in the context of a qualified immunity defense. Hollins v. City of Columbia, No. 2:19-CV-28-KS-MTP, 2019 U.S. Dist. LEXIS 122381, at *4 (S.D. Miss. July 23, 2019). In Anderson v. Valdez, the Fifth Circuit clarified the

6

confusion and instructed that "heightened pleading" would not apply merely because an answer or motion to dismiss asserts a defense of qualified immunity:

> … [W]hen, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, "the district court must"—as always—do no more than determine whether the plaintiff has "file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone." In so doing, we expressly required the district court to apply "Rule 8(a)(2)'s 'short and plain' standard" to the complaint.

Anderson v. Valdez, 845 F.3d 580, 589-90 (5th Cir. 2016) (footnotes omitted); see also, e.g., Arnold v. Williams, 979 F.3d 262, 267 (5th Cir. 2020) ("Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims; an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard."); McLean v. Davis, No. 3:22-CV-33-DPJ-FKB, 2023 WL 1868192, at *2 (N.D. Miss. Feb. 9, 2023); Flynt v. Jasper Cnty., Mississippi, No. 2:20-CV-180-TBM-MTP, 2022 WL 4809405, at *2 (S.D. Miss. Sept. 30, 2022); Williams v. City of Jackson, No. 3:20-CV-785-DPJ-FKB, 2021 WL 4485865, at *3 (S.D. Miss. Sept. 29, 2021); Hollins, 2019 U.S. Dist. LEXIS 122381, at *4.

In qualified immunity cases where the district court finds a complaint insufficient under Rule 8(a)(2), the review process on a motion to dismiss does not necessarily end. The district court may order the plaintiff to file a reply to the qualified immunity defense under Federal Rule of Civil Procedure 7(a)(7)[3]. The Fifth Circuit explained this procedure in Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995):

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.
>
> The Federal Rules of Civil Procedure permit the use of Rule 7 in this manner. The only Civil Rule that governs the content of Rule 7 replies is Rule 8(e)(1), which demands that "[e]ach averment of a pleading shall be simple, concise, and direct."
>
> ... Vindicating the immunity doctrine will ordinarily require such a reply, and a district

---

[3] Federal Rule of Civil Procedure 7(a) provides:

(a) Pleadings. Only these pleadings are allowed:
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7.

8

>court's discretion not to do so is narrow indeed when greater detail might assist.

Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995).

## **ANALYSIS**

As public officials, Hammitte and Woods generally would be shielded from suit when performing discretionary functions, unless it is shown by specific allegations that the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Federal courts have traditionally used a two-step test to determine whether defendants are entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson, 555 U.S. at 227, 236. First, a court must determine whether a plaintiff has alleged the violation of a constitutional right. Second, if the plaintiff has alleged a constitutional violation, the court must decide if the conduct was objectively reasonable in light of clearly established law at the time the challenged conduct occurred. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.

In this case, Plaintiff describes the constitutional right at issue as his First Amendment right to speak "as a private

citizen on a matter of public concern." [ECF No. 1] ¶ 84. Plaintiff claims that the District retaliated against him when he was terminated for exercising his protected speech activity. Id. at ¶¶ 85-86. The Individual Defendants argue, among other things, that Plaintiff's speech was not protected because it addressed "merely a private concern reflecting personal interest, aired publicly." [ECF No. 23] at 3.

It is well-established that employee free speech retaliation claims must satisfy four elements:

(1) the employee suffered an adverse employment action;

(2) the speech involved a matter of public concern;

(3) the interest in commenting on matters of public concern outweigh the employer's interest in promoting efficiency; and

(4) the speech motivated the employer's adverse employment action.

E.g., Salge v. Edna Indep. Sch. Dist., 411 F.3d 178, 184 (5th Cir. 2005).

Based on the Court's review of the Complaint and the parties' submissions, it appears that the most difficult hurdle (but not the only one) facing Plaintiff is the second element. In his Opposition, Plaintiff framed the key issue as whether he was fired for voicing a personal grievance that solely addressed his own pay, or whether he was fired for speaking out about an issue of concern to the public (i.e., that school administrators

were misallocating COVID-19 relief funds). [ECF No. 19] at 11. The Court finds that the Complaint lacks the factual allegations necessary to satisfy the second element of a free speech retaliation claim. Plaintiff's conclusory statement – "Mr. Gaines was speaking as a private citizen on a matter of public concern" – is not sufficient. [ECF No. 1] ¶ 52. The Complaint provides no factual allegations regarding to whom Plaintiff sent his post: did he post to a single work colleague, or did he post to a private group of work colleagues, or did he post publicly? The Court needs specific factual allegations before it can determine whether Plaintiff's comments were made as an employee of the District or as a citizen of the community. See Graziosi v. City of Greenville, 985 F. Supp. 2d 808, 813 (N.D. Miss. 2013), aff'd sub nom. Graziosi v. City of Greenville Miss., 775 F.3d 731 (5th Cir. 2015) (Court found no first amendment retaliation where police detective's comments to the mayor, although on a sensitive subject, were more related to her own frustration over an internal decision and were not made to expose unlawful conduct within the police department).

It also is not clear to the Court exactly what each Individual Defendant is alleged to have done that resulted in the violation of a clearly established constitutional right. The Complaint alleges that "JCSD [i.e., the District] terminated Mr. Gaines because of his protected speech activity." [ECF No.

11

1] ¶ 71.  On its face, this allegation does not implicate either of the Individual Defendants in the alleged adverse employment action.  See Williams, 2021 WL 4485865, at *4 (plaintiff must explain what each individual defendant allegedly did to support the specific claims against that defendant and exactly what actions were taken by which defendant in violation of a clearly established constitutional right).

While recognizing that it is the plaintiff's burden to show through nonconclusory factual averments that the qualified-immunity defense does not apply, Williams, 2021 WL 4485865, at *4 (relying on Khan v. Normand, 683 F.3d 192, 194 (5th Cir. 2012)), the Court notes that some assertions made by the Individual Defendants also are unclear.  For example, the Individual Defendants assert that the District would have terminated Plaintiff regardless of his purported protected speech.  [ECF No. 13] at 15.  They further allege that Plaintiff was terminated for his failures to follow the Mississippi Educator Code of Ethics and Standards of Conduct and unnamed policies of the Jefferson County school district.  [ECF No. 1-5].  However, the defense cites to no code sections or policy provisions that Plaintiff allegedly violated.  In short, the Court is left with unresolved factual questions on both sides of this litigation.

Under these circumstances, the Court is convinced that the most productive approach at this stage of the litigation will be for Plaintiff to file a Rule 7(a) Schultea reply to the Individual Defendants' qualified immunity defense. In his Opposition, Plaintiff requested the opportunity to file a Schultea reply, [ECF No. 19] at 21-22, and the Court is persuaded that a targeted and well-focused Rule 7 reply from Plaintiff should assist the Court in its adjudication of the qualified immunity dispute. The Court must emphasize that the Schultea reply should aim to "refut[e] the immunity claim 'with factual detail and particularity.'" Johnson v. Halstead, 916 F.3d. 410, 416 (5th Cir. 2019) (quoting DeLeon v. City of Dallas, 141 F. App'x 258, 261 (5th Cir. 2005)). The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." Schultea, 47 F.3d at 1433; see also Johnson, 916 F.3d at 416; Williams, 2021 WL 4485865, at *3. The Court also will provide the Individual Defendants with the opportunity to file a response to Plaintiff's Rule 7 reply.

Finally, the Court wishes to make clear that this Memorandum Opinion does not purport to list every unresolved question that the Court might have at this point in the litigation or that the parties should address in future filings. The Court has attempted to assist the litigants by highlighting certain issues that the Court finds noteworthy, but "it is not

13

the Court's responsibility to issue spot for the parties …." Williams, 2021 WL 4485865, at *5.

Accordingly,

IT IS ORDERED THAT Plaintiff shall submit a Schultea reply pursuant to Federal Rule of Civil Procedure 7(a)(7) within twenty (20) days of the date of entry of this Memorandum Opinion and Order;

IT IS FURTHER ORDERED THAT the Individual Defendants shall have fourteen (14) days from the date of filing of the reply to submit their response thereto;

IT IS FURTHER ORDERED THAT the Motion for Judgment on the Pleadings Based on Qualified Immunity [ECF No. 12] is denied without prejudice; and

IT IS FURTHER ORDERED THAT, for now, discovery in this case remains stayed until further order of this Court.

SO ORDERED, this the 20th day of June 2023.

                                                      /s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE